## WILLIAM WARE *et al.*

*v.*

## WILLIAM CRATTY.

CHANCERY—*bill to open decree of foreclosure and to redeem from mortgage.* After decree of foreclosure and sale thereunder at the suit of the party in possession, the mortgagor filed his bill to open the decree and to charge the complainant in the former suit with rents and profits of the mortgaged premises, and offering to pay any deficiency necessary to redeem from the mortgage. The bill was not brought to a hearing until after the time of redemption had expired. No fraud was charged in obtaining the decree of foreclosure, and nothing was shown why the mortgagor did not seek to have the rents and profits applied *pro tanto* in payment of the mortgage debt, and the latter, in his answer to the bill to foreclose, had set up payment under which he might have established payment to the extent of such rents and profits: *Held,* that the latter bill, whether it was a bill of review or a bill in the nature of a bill of review, showed no equity on its face, as it sought to treat the mortgage debt as still subsisting when it had been extinguished by the decree of foreclosure and sale thereunder.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WEAD & JACK, and Messrs. CRAIG & HARVEY, for the appellants.

Messrs. CRATTY, BOAL & CRATTY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from a decree rendered by the circuit court of Knox county in a suit in chancery there pending, in which William Cratty was complainant, and William Ware and others, heirs at law of William K. Ware, deceased, were defendants.

The original bill was filed by Cratty on the 17th of October, 1861, against Ware in his life-time, requiring Ware to account to complainant for the rents and profits since December 12, 1859, derived from a certain tract of land in possession of Ware, to which Cratty claimed title.

In order to a full understanding of the case, it is necessary some of the leading facts should be stated.

In 1850, one James B. Hoyne took possession of the land in question under what is called a tax-title, and fenced the land. In the same year, he sold and conveyed it to William K. Ware, who took possession and held the land under this title, by tenants, who paid him annual rent. James A. Russel, of Fulton county, was the owner of the patent title, who, on the 14th of January, 1857, sold and conveyed the same to complainant, Cratty. On the day of the date of this deed, complainant and his wife executed a mortgage to Russel to secure the purchase money, evidenced by his three several notes of four hundred dollars each, payable in one, two and three years from date, with interest at six per cent.

On the 27th of October, 1857, Cratty, the complainant, commenced three separate actions of ejectment against Ware's tenants, for the recovery of the possession. On the 12th of December, 1859, Russel sold and assigned these notes and mortgage to Ware, the actions of ejectment still pending.

On the 18th of January, 1860, the ejectment suits not having been tried, Ware filed his bill against Cratty to foreclose this mortgage. In March, 1860, Cratty filed his answer to the bill, claiming therein that he had paid the notes and mortgage. Proofs were taken, and a decree of sale of the premises

entered June 6, 1860, there being found due on the notes and mortgage ten hundred and sixty-three dollars and sixty cents. The master in chancery made the sale on the 20th of October, 1860, at which Ware became the purchaser for the sum of eleven hundred and forty-five dollars, for which the master executed and delivered to Ware the usual certificate of purchase, and having reported his proceedings to the court, the same were approved on the 19th of February, 1861, by the court then sitting.

At the following September term, 1861, Cratty's ejectment suits were tried, in which this verdict was rendered:

"We, the jury, find the defendant guilty of unlawfully withholding the possession of the premises described in the plaintiff's declaration, at the time of the commencement of this suit. We further find that the title of the plaintiff to said premises has expired since the commencement of this suit, and we assess the plaintiff's damages, by reason of withholding the possession of said premises, at one cent."

The judgment upon this verdict was as follows

"It is, therefore, considered by the court that the plaintiff recover of defendant the said sum of one cent, the amount of the damages assessed herein, together with the costs by him in this suit expended, and may have execution therefor. But as to the premises described in said plaintiff's declaration, the defendant go thereof without day."

A new trial was taken by the plaintiff under the statute, and at the September term, 1863, the suits were again tried with the same result.

It will be perceived from this statement and dates that the original bill was filed by Cratty a few days after the trial of the first ejectment suit.

It is alleged in the bill that, on the trial of the ejectment suits, complainant relied on his deed from Russel, who was

the immediate grantee of Johnson Hicks, who was the pat-entee from the United States, and rested his case, where-upon, as complainant alleges, Ware endeavored to show title by certain deeds he attempted to introduce, but they being ruled out, Ware then introduced the Russel mortgage, claim-ing to hold possession under the same, and thus defeated plaintiff's recovery.

The bill then alleges that the premises are cultivated, and charges that Ware has been in possession four or five years prior to filing the bill, and received the rents and profits of the value at least of nine hundred and sixty dollars, which he insists should be credited on the mortgage, and alleges he is ready to pay the balance thereon, should any be due over and above the rents and profits.

The prayer of the bill is, that Ware may be required to ac-count for the rents and profits, and apply the same on the mortgage indebtedness, in discharge of the same, or *pro tanto*, and prays that the decree of foreclosure may be opened, and complainant let in to prove the value of the rents and profits, and have the same allowed on the said indebtedness.

There is a further prayer that the master in chancery be enjoined from making a deed on the certificate of purchase; and, upon a final hearing, Ware be decreed to allow com-plainant so much as shall be found due, to be credited "on said mortgage indebtedness."

This bill was fully answered by Ware, he setting up his claim of title, outside of the mortgage, which appears to be *prima facie* a good "tax title," but it is of no importance to be con-sidered.

After the answer was put in no step was taken in the cause until, the death of Ware having occurred, on the 20th of De-cember, 1870, complainant filed what he denominates "an amendment to the original bill," in which he suggests the death of Ware, alleges the marriage of his widow with John W. Dissendorf, and names the children left by Ware, who are minors, and makes them defendants.

The allegations in this bill are, for the most part, a reiteration of the statements in the original bill, as to the payment of the mortgage by the rents and profits received by Ware in his life-time, and alleging a willingness to pay any deficiency.

The prayer is, that, upon a final hearing, the title to these premises may be decreed to be vested in complainant in fee simple absolute, and that a writ of possession issue.

An answer was put in by the infants, for the most part a repetition of the answer of their ancestor, William K. Ware, filed in his life-time.

On the hearing the circuit court decreed in all things as prayed.   To reverse this decree the defendants appeal.

Various errors are assigned by appellants, which, in the view we are compelled to take of the case, will not be noticed in the order they are presented.

The theory of the bill manifestly is, that appellee was surprised by the character of the defense made by Ware in the ejectment suits, he setting up, to protect his possession, the mortgage of Cratty to Russel.

What reason had he to be surprised?   Cratty knew, when the ejectment suits were tried, that Ware owned this mortgage by assignment from Russel on the 12th of December, 1859, for he had filed his bill against Cratty to foreclose.   This was more that one year before the trial of the ejectment suits, and he could and should have known that Ware might defend his possession under that mortgage.   Cratty also knew that a decree of sale had been obtained, and the premises actually sold thereunder, in October, 1860.

There was no ground on which to base the original bill. In contemplation of law, there could be no surprise upon appellee.

This bill slumbered on the files of the court for near nine years, when, the death of Ware having occurred, the bill now in question was filed, alleging Ware's death, and making his widow and heirs at law parties to it.

In the meantime, Ware had received a deed from the master in chancery for the premises, they not having been redeemed, he continuing in possession, and his heirs at law after his death.

The object of the present bill is to obtain the aid of a court of equity to treat a debt, which has been fully paid years ago by decree and sale of property under the decree, as a debt still subsisting—as "a mortgage indebtedness." A plain answer to this is, there is no such mortgage in existence, as appears by appellee's own showing. It was extinguished by the decree of foreclosure entered on the 6th of June, 1860.

There can be no mortgage indebtedness, for that was fully paid and satisfied by the sale under the decree, on the 20th of October, 1860, and an end put to the whole transaction by the confirmatory order of the court, entered February 19, 1861, and by the master's deed executed and delivered to Ware after the time for redemption had expired.

It is idle to urge payments on a mortgage which has no life, and to attempt to open a decree on such allegations as are found in the original and amended bills. There is no charge of fraud in obtaining the decree of foreclosure; nothing shown why appellee did not, in the foreclosure suit, claim to apply the rents and profits, *pro tanto,* to the payment of the mortgage. Ware had been in possession several years prior to the foreclosure suit. Complainant, in his answer to that bill of foreclosure, claimed that he had paid the mortgage debt. This would have been established to the extent of the value of the rents and profits then accrued. They would have paid a portion of the indebtedness, and, by subsequent payments, complainant could have saved the land. It was in his power, also, to have had the decree in the foreclosure suit so framed as to save to him the accruing rents. Having failed at the proper time to set up his claims, he can not now revive them by this suit. The occasion is past. No fraud, accident, or mistake, or hardship, or any other matter of equitable cognizance, is alleged to entitle him to any relief whatever.

Whether his bill be a bill of review or a bill in the nature of a bill of review, it has not one single feature in it commending it to the favorable consideration of a court of equity.

There is no equity in it.

The decree of the circuit court is reversed and the bill dismissed.

*Decree reversed.*